IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Clay Massi, | ) | C/A No. 0:13-538-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Walgreen Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

    The plaintiff, Clay Massi ("Massi"), who is self-represented, filed a Complaint in the Court of Common Pleas in York County asserting violations of his civil rights. The defendant removed the case to federal district court pursuant to 28 U.S.C. § 1441 based on diversity of citizenship pursuant to 28 U.S.C. § 1332. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendant's motion to dismiss or, in the alternative, to transfer venue to the United States District Court for the Eastern District of Tennessee. (ECF No. 5.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Massi of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendant's motion. (ECF No. 6.) Massi responded (ECF No. 20), and the defendant replied (ECF No. 21). Having reviewed the parties' submissions and the applicable law, the court finds that the defendant's motion should be granted and this matter should be dismissed.

**BACKGROUND**

    This action stems from a lawsuit litigated in the Eastern District of Tennessee against Walgreen Co. ("Walgreens") based on the wrongful filling of a prescription. See Massi v. Walgreen

Co. Inc., C/A No. 3:05-cv-425 (E.D. Tenn.). Massi's Complaint alleges that Walgreens violated his civil rights under the Americans with Disabilities Act and the Rehabilitation Act of 1973 Section 504 as well as his due process rights by presenting fraudulent testimony or through fraud upon the court. Massi also alleges claims of intentional infliction of emotional distress and mental duress.

Walgreens seeks dismissal of this matter, arguing that it is barred under *res judicata* and by the applicable statute of limitations. Alternatively, Walgreens argues that if dismissal is not appropriate, this matter should be transferred to the Eastern District of Tennessee. In consideration of this motion, the following additional background from Massi's previous litigation is pertinent. See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that '[t]he most frequent use of judicial notice . . . is in noticing the content of court records.' ") (citation omitted); Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) ("The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."); see generally Massi v. Walgreen Co. Inc., C/A No. 3:05-cv-425 (E.D. Tenn.) ("Massi I"); Massi v. Walgreen Co. Inc., C/A No. 3:07-cv-346 (E.D. Tenn.) ("Massi II"); Massi v. Harrison, et al., C/A No. 3:08-cv-213 (E.D. Tenn.) ("Massi III"); Massi v. Lomonaco et al., C/A No. 0:10-cv-265-CMC (D.S.C.) (transferred to the Eastern District of Tennessee, C/A No. 3:10-cv-258) ("Massi IV").

In 2005, Massi filed Massi I in the Eastern District of Tennessee against Walgreens based on the wrongful filling of a prescription resulting in injuries. Following the trial of this matter, a jury returned a verdict in Massi's favor, and after reducing Massi's damages award based on his percentage of comparative negligence (forty-five percent), the district court entered a verdict for Massi in the amount of $13,750.00, which was satisfied. See Massi I; (see also ECF Nos. 5-5 through 5-7). In 2007, Massi filed Massi II alleging that Walgreens committed fraud in Massi I in

that Walgreens "fraudulently created and presented fraudulent documents, labels, and exhibits during the trial" and committed other acts of fraud. Massi II, Order granting Mot. to Dismiss, ECF No. 28. The district court dismissed this matter concluding that it should be categorized as a post-trial motion in Massi I and granted Massi leave to file the post-trial motion pursuant to Federal Rule of Civil Procedure 60 in Massi I.[1]  Id.  In January 2008, Massi filed a motion for a new trial in Massi I alleging that Walgreens committed various fraudulent acts during the defense and trial of Massi I that reduced Massi's jury verdict. (See Mot. for New Trial, ECF No. 5-9.)  Massi elaborated on these purported fraudulent acts in an attached affidavit consisting of fifty-eight pages with attachments. (See Massi Aff., ECF No. 5-10.) The district court denied Massi's motion, addressing each of his allegations. (See Order, ECF No. 5-14.) Massi appealed Massi I to the United States Court of Appeals for the Sixth Circuit, which affirmed. See Massi v. Walgreen Co., 337 F. App'x 542 (6th Cir. 2009). While his appeal was pending at the Sixth Circuit, Massi filed several other motions, including a motion for the court to acknowledge fraud, which the district court ultimately found to not be well taken and denied. (See Massi I Docket Sheet, ECF No. 5-3); see also Massi I, ECF Nos. 110-12 (Massi's motions), ECF No. 115 (Order denying motions). In 2010, Massi filed another motion for relief from judgment and motion for sanctions in Massi I, which the district court denied finding that judgment had been entered and his appeals had been exhausted. (See Mot. for Relief from J., ECF No. 5-17; Order, ECF No. 5-18.) On appeal, the Sixth Circuit affirmed this order. In 2011, Massi filed motions for leave to file proof of fraud upon the court and for leave to

---

[1] Over two years later, Massi filed a motion for sanctions in Massi II. The district court adopted and incorporated the magistrate judge's recommendation that Massi's motion be denied which observed that Massi filed this motion in Massi I and Massi II, that it was not an appropriate motion in Massi II, and that the motion essentially attacking the judgment in Massi I was untimely. The district court further ordered that no further filings shall be made in this matter. See Massi II, Report and Recommendation and Order, ECF Nos. 31 & 32.



file for relief under Rule 60(b)(6), which the district court denied.  (See Massi I Docket Sheet, ECF No. 5-3.)  On appeal, the Sixth Circuit granted Walgreens's motion for sanctions and referenced its June 23, 2011 order issued in Massi III, as discussed below.  (See Order, ECF No. 5-24.)

While Massi was filing motions in Massi I, he also filed a lawsuit against Walgreens's defense attorney in Massi I and several Walgreens employees in 2008.  See Massi III.  The district court dismissed this action, which was affirmed on appeal.  Massi then filed a motion for relief, which the district court denied, and the Sixth Circuit affirmed.  The Sixth Circuit also issued an order filed June 23, 2011 barring Massi from filing any motion, new civil matter, or appeal, in the circuit court or court subject to the Sixth Circuit's jurisdiction in relation to Massi I, without prior leave of the district court.  See Massi III, ECF No. 44; (see also Massi III Docket Sheet, ECF No. 5-26).  Massi's subsequent motions were similarly denied and he was informed by the district court that no further filings would be accepted.

Also during this time, in 2010, Massi filed Massi IV in this district raising claims against the attorney that represented him in Massi I.  This court granted the defendant's motion to transfer that matter to Tennessee where the attorney resided and the alleged conduct occurred.  Thereafter, the district court in the Eastern District of Tennessee granted the defendant's motion to dismiss, which was affirmed by the Sixth Circuit on appeal.  In Massi IV, Massi also filed motions to set aside the judgment in Massi I based on fraud, for judicial notice, for leave to file proof of fraud, and for leave to file for relief under Rule 60(b)(6), all of which were denied.  (See generally Massi IV Docket Sheet, ECF No. 5-28.)

**DISCUSSION**

A.   Rule 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). A court may consider "documents attached or incorporated into the complaint" without converting a motion to dismiss into a motion for summary judgment. E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011). Further, "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 396-97 (4th Cir. 2006) (citing Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co., 267 F.3d 30, 33 (1st 2001); Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999) (permitting consideration of extraneous material if such materials are "integral to and explicitly relied on in the complaint"); Gasner v. Dinwiddie, 162 F.R.D. 280, 282 (E.D. Va. 1995) (permitting district court to take judicial notice of public documents, such as court records, even when the documents are neither referenced by nor integral to plaintiff's complaint)). Moreover, dismissal under 12(b)(6) based on the defense



of *res judicata* is proper unless a disputed issue of material fact exists. See Andrews v. Daw, 201 F.3d 521, 524 (4th Cir. 2000).

In applying this standard, the court observes that it is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's factual allegations are assumed to be true. Erickson, 551 U.S. at 93. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    *Res Judicata***

The defendant first argues that the allegations in this matter are barred by the doctrine of *res judicata*. The court agrees.

This action was removed to federal court on the basis of diversity of citizenship. Therefore, the substantive law of Tennessee applies. See Q Int'l Courier Inc. v. Smoak, 441 F.3d 214, 218 (4th Cir. 2006) (stating that when sitting in diversity jurisdiction, the federal court should apply the preclusion law that would be applied by the state courts in the State in which the first federal diversity court sits) (discussing Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001)).



In Tennessee, "[t]he doctrine of *res judicata* or claim preclusion bars a second suit between the same parties or their privies on the same claim with respect to all issues which were, or could have been, litigated in the former suit." Jackson v. Smith, 387 S.W.3d 486, 491 (Tenn. 2012).

> The party asserting a defense predicated on *res judicata* or claim preclusion must demonstrate (1) that the underlying judgment was rendered by a court of competent jurisdiction, (2) that the same parties or their privies were involved in both suits, (3) that the same claim or cause of action was asserted in both suits, and (4) that the underlying judgment was final and on the merits.

Id.

In this matter, although Massi vehemently argues to the contrary, the court concludes that all of these factors are satisfied. Massi has filed another lawsuit against the same defendant, Walgreens, essentially raising all of the issues that have been repeatedly raised by Massi and ruled on by the Eastern District of Tennessee and the Sixth Circuit in Massi I and the other above discussed cases. (See, e.g., ECF No. 5-14 (Order in Massi I denying Massi's motion for a new trial and addressing each of Massi's allegations of fraud by Walgreens)); Weldon v. United States, 70 F.3d 1, 5 (2d Cir. 1995) ("[T]he very grounds on which [Plaintiff] claims fraud upon the court—the government's alleged misrepresentation and misconduct—were 'raised or should have been raised by [Plaintiff] during the pendency of the earlier case,' whether prior to judgment or afterwards, by way of a motion for reconsideration or petition for rehearing. Thus, res judicata barred this independent action to void the judgment.") (internal citations omitted); Deel v. Home Depot USA, Inc., C/A No. 7:09-2817-GRA-WMC, 2010 WL 2179576 (D.S.C. May 14, 2010) (dismissing allegations in a subsequent suit of false statements and false evidence in the first suit based on *res judicata*, observing that the allegations were subject to suit in the first case and the "the plaintiff had a full and fair opportunity to make and necessary motions or appeals" and that "[i]t was improper to address these issues in separate litigation") (Report and Recommendation adopted by 2010 WL 2196272).

*PJG*

Moreover, courts have not recognized an independent damages action based on fraud upon the court. See Chewning v. Ford Motor Co., 35 F. Supp. 2d 487, 489 (D.S.C. 1998).

C.    **Other Pending Motions**

Also pending before the court are numerous motions filed by Massi. To the extent that these motions argue the merits of his case or seek to supplement his pleadings with additional unspecified evidence, these motions should be dismissed in light of the court's determination that this matter is barred by *res judicata*. To the extent that his motions consist of additional arguments in opposition to the defendant's motion to dismiss, they are untimely; however, consideration of these arguments would not change this court's recommendation. Further, the court notes that challenges to the veracity of the defendant's exhibits is not a proper subject for judicial notice. Finally, Massi's request for additional time to seek an attorney should be denied in light of this court's recommendation.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendant's motion to dismiss be granted (ECF No. 5) and, in light of this recommendation, Massi's motions be denied (ECF Nos. 44, 49, & 53) or dismissed (ECF Nos. 22, 25, 30, 35, & 43).

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 6, 2013
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).