IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Clay Massi, | ) | C.A. NO. 0:13-538-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION AND ORDER** |
| v. | ) | |
| | ) | |
| Walgreen Co., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter was removed to this court by Defendant pursuant to 28 U.S.C. § 1332. Plaintiff's *pro se* complaint asserts claims of violations of his civil rights.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 6, 2013, the Magistrate Judge issued a Report recommending that Defendant's motion to dismiss be granted, that Plaintiff's pending motions be either dismissed or denied, and that this matter be dismissed with prejudice. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. On September 23, 2013, Plaintiff filed objections to the Report (ECF No. 64), a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(3) (ECF No. 62), and a "Petition for Writ of Mandamus," (ECF No. 63).[1]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court.

---

[1]On September 24, 2013, Plaintiff moved to strike the petition for writ of mandamus. ECF No. 65. This motion (ECF No. 65) is **granted** and the petition of writ of mandamus is **dismissed**.

*See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of the record, and after considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections and other filings, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

As explained in the Report, this is the fifth legal action Plaintiff has instituted relating to Defendant's improper filling of a prescription in Tennessee in 2004.[2] Report at 2-4 (ECF No. 59). Plaintiff's first three actions were filed in the Eastern District of Tennessee (referred to as *Massi I*, *Massi II*, and *Massi III* in the Report). The last two, including this action, were filed in this Court (*Massi IV* and *Massi V*).

Like *Massi II* and *Massi III* and the post-trial motions in *Massi I*, this action alleges that Defendant and its attorney perpetrated fraud on the court in *Massi I*. The Report recommends this matter be dismissed as barred by the doctrine of *res judicata* because actions involving the same parties and issues have already been litigated to finality. Report at 7. The Report also notes that "courts have not recognized an independent damages action based upon fraud upon the court." *Id.* at 8 (citing *Chewning v. Ford Motor Co.*, 35 F. Supp. 2d 487, 489 (D.S.C. 1998)).

---

[2]*Massi I* was tried to jury verdict which found for Plaintiff. The jury award was reduced based upon a finding of Plaintiff's comparative negligence, and judgment was entered in the amount of $13,750.00. This judgment has been satisfied.

In response to the Report, Plaintiff filed the three above-noted documents. These documents are different in introductory language and conclusions, but contain the same substantive content; that is, reiterations of the fraud Plaintiff believes was perpetrated on the court in *Massi I*, and, to some degree, *Massi II-IV*. Each of these documents also argues the Report failed to consider Plaintiff's response to Defendant's motion to dismiss. Plaintiff contends that the Report

> did not even consider Massi's responsive pleading [Doc. No. 20, exhibits 1-7]. The court's 9 page ruling [Doc. No. 59-1, exhibit 9] had a single sentence as justification for dismissing the lawsuit [sic] "The defendant first argues that the allegations in this matter are barred by the doctrine of res judicata. The court agrees."

*See* ECF Nos. 62, 63, & 64 at 3.[3] Plaintiff maintains that "[f]raud on the Court prohibits a res judicata defense. The court avoided the issue by refusing to acknowledge Plaintiff responded. Fraud on the Court occurred in every legal proceeding including the case before this Court." *Id.*

A review of Plaintiff's objections and the "Rule 60(b)(3)" motion confirm that the current case is primarily a collateral attack on *Massi I*. To the extent the complaint goes beyond a collateral attack on *Massi I*, it is an attack on the determinations of *Massi II-IV*, which were, in the end, primarily collateral attacks on *Massi I*. All four of Plaintiff's earlier cases have been fully litigated and are now final.

Plaintiff fails to provide any authority for the proposition that the doctrine of *res judicata* is unavailable where the issue of fraud on the court has been litigated to finality. That is the case here, as revealed by the litigation history of *Massi I-IV*.

Out of an abundance of caution, the court has reviewed Plaintiff's memorandum in opposition to the motion to dismiss. This memorandum (as well as Plaintiff's post-Report filings)

---

[3]The "ruling" to which Plaintiff refers is the recommendation in the Report (ECF No. 59).

3

confirms that Plaintiff's arguments were considered by the Magistrate Judge in formulating the Report.  Plaintiff's argument that his claims constitute valid "independent" causes of action for "fraud on the court" and that Defendant's arguments are "null and void due to Walgreen's fraud on the court" ignore the circumstances of this particular case.  ECF No. 20 at 1.  For example, Plaintiff relies on an appellate decision, *Chewning v. Ford Motor Co.*, as authority for an independent action for fraud upon the court.  *See* ECF No. 20 at 4.  Plaintiff has not provided this court with the citation for this case; however, it appears Plaintiff refers to the South Carolina Supreme Court's decision in *Chewning v. Ford Motor Co.,* 579 S.E.2d 605 (S.C. 2003).[4]  In this case, the South Carolina Supreme Court held that *equitable* relief may be available for extrinsic fraud upon a court.  However, nothing in this decision suggests that there is an independent claim *for damages* available for fraud on the court, or that such an action may be pursued in any court other than the one which issued the original decision.[5]

Plaintiff's memorandum also cites various state law decisions in which one party seeks to enforce an order which the other party challenges as void.  However, these cases stand for the

---

[4]The South Carolina Supreme Court decision was based upon a case which had been remanded to state court after removal.  *See Chewning. v. Ford Motor Co.*, 35 F. Supp. 2d 487, 489 (D.S.C. 1998).  The district court remanded the case to state court for a determination whether there was available equitable relief under state law, noting that equitable claims for relief must be pursued in the court which rendered the initial decision.  *Chewning*, 35 F. Supp. 2d at 489 (citing *Weisman v. Charles E. Smith Management, Inc.*, 829 F.2d 511, 513 (4th Cir. 1987), for the proposition that there are "three methods by which a party may seek to vacate a verdict, all of which must be addressed by the court in which the action occurred").  Following *Chewning* and *Weisman,* any motion or action to vacate the earlier decision in *Massi I-IV* must be pursued only in the Eastern District of Tennessee, if at all.  Had the issues not already been litigated, this court would, therefore, transfer the matter to that court.

[5]Contrary to his arguments in his recently filed documents, Plaintiff's complaint seeks monetary rather than equitable relief.  That relief is, moreover, sought from a court other than the one that was the alleged "victim" of the fraud.

4

proposition that a court asked to determine whether a previous judgment is void considers whether the issuing court had jurisdiction over the parties. This is a far more limited review than Plaintiff seeks here. Essentially, Plaintiff's complaint seeks reconsideration of substantive legal rulings of the courts which issued the earlier decisions. In this circumstance, such relief is available only from the United States Supreme Court.

A review of Plaintiff's complaint confirms that the focus of this action is alleged misconduct by Defendant in prior litigation. *See, e.g.,* ECF No. 1 ¶ 6 (referring to the improper filling of a prescription in November 2004); *id.* ¶ 10 (referring to a "case" being held in Knoxville, Tennessee in November 2006); *id.* ¶ 13 (referring to an October 2007 motion for a new trial); and *id.* ¶ 15 (stating "[t]here were a series of appeals due to accusation of Fraud upon the Court."). Additionally, the causes of action focus on Defendant and its agents' litigation-related conduct.[6]

Accordingly, the court **grants** Defendant's motion to dismiss, and dismisses this matter with prejudice.[7] Plaintiff's motion for relief from judgment (ECF No. 62) is **denied** as premature because

---

[6] For example, the first cause of action alleges Defendant's attorney caused Plaintiff to suffer a denial of his civil rights because the attorney "fraudulently presented exhibits and testimony in Federal Court which impaired the impartial performance of the court." ECF No. 1 at ¶¶ 24-26. The second cause of action alleges Defendant denied Plaintiff's Fifth Amendment right to due process "during court proceedings from 09/11/2007 to 03/2/2012" including by "fraudulent actions in the District Court and Circuit Court[.]" *Id.* ¶¶ 28-29. The third cause of action, for "Intentional infliction of emotional distress and mental duress," alleges Plaintiff suffered a stroke due to the improper prescription after which Defendant used Plaintiff's "disabilities in an attempt to inflict an emotional and mental duress." The only specific actions referenced are as follows: "Walgreens [sic] intentionally tortured Massi for 4 years in an effort to prevent discovery of fraud upon the Court." *Id.* ¶ 37. Thus, even the emotional distress claim focuses on actions relating to the prior litigation in *Massi I-IV*.

[7] The only alternative ruling available to this court is transfer of the action to the Eastern District of Tennessee. If Plaintiff believes he has new evidence that might persuade that court to modify its earlier rulings, he should seek relief in that court, subject to the prefiling requirements imposed by the Sixth Circuit.

no judgment has been entered.[8]

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON McGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 25, 2013

---

[8]As noted by the Report, Plaintiff has filed several additional motions relating to the merits of his case or which seek to supplement pleadings with additional unspecified evidence. These motions (ECF Nos. 22, 25, 30, 35, 43, 44, and 49) are dismissed.

6